## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THE IMPERIE L EMPRES JOYCE LITTLE, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4118 |
| | § | |
| THE REGISTER OF WILLS, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Petitioner The Imperie L Empres Joyce Little filed this lawsuit against the Register of Wills, the Probate Office, Clinton Chapman, and the Mayor of the District of Columbia.  The Court has carefully reviewed Petitioner's original untitled pleading, docketed as a Petition for Writ of Mandamus [Doc. # 1].  Based on this review and the application of governing legal principles, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   PETITIONER'S ALLEGATIONS

Petitioner, a resident of the Commonwealth of Virginia, alleges that she was threatened in the Clerk's Office of the United States Supreme Court, that she has been the victim of violence on a number of occasions, that she has been denied her

inheritance "from the large estates of three Negroes," that money and other items have been stolen from her in McDonald's restaurants and shelters in the northern Virginia area, and that she was attacked by a bus driver employed by the Washington Metropolitan Area Transit Authority ("WMATA").  Petitioner also alleges that she reported the WMATA situation to the President of the United States, who has not taken appropriate action.  Petitioner also alleges that the "Defendant Mayor of the District of Columbia, and Defendant Register of Wills put out a murder contract against Petitioner which was taken by Lutherans, who run the gangs that are controlled by WMATA."  *See* Petition for Writ of Mandamus, ¶ 10.

Petitioner asks this Court to issue a Writ of Mandamus to prevent Respondents from murdering her, to prevent them from "continuing to harm Petitioner's mortal flesh" and to appoint a "licensed temporary conservator who will distribute to Petitioner a reasonable sum of money for living expenses."  *Id.*, ¶ 12.  Petitioner also seeks a Writ of Mandamus requiring Respondents to distribute the full sums of money that she inherited.  *Id.*

## II.  ANALYSIS

Title 28, United States Code, section 1915(e)(2)(B) provides that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  In deciding

whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf, particularly where the plaintiff is *pro se*. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

The plaintiff's complaint must contain allegations of every material point necessary to sustain recovery. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Statements that merely create a suspicion that the plaintiff may have a right of action do not state a claim upon which relief can be granted. *See id*. Furthermore, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not state a claim upon which relief can be granted. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004). If the plaintiff fails to allege a necessary element to obtain relief, then she fails to state a claim and dismissal is proper. *Campbell*, 43 F.3d at 975.

A district court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. However, a writ of mandamus is an extraordinary remedy. *See Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). To obtain a mandamus order, a

petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Id*.

In this case, Petitioner has not established that she does not have any other adequate remedy. She is entitled to report the alleged assaults, threats, and robberies to the law enforcement authorities in the jurisdictions in which they occurred. She can file a petition in the appropriate court in Alexandria, Virginia, seeking the appointment of a conservator. She can file in the proper probate court the wills under which she claims an inheritance. A writ of mandamus from this Court to the named Defendants in this case is not an appropriate mechanism to address Petitioner's complaints.[1]  As a result, the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.   CONCLUSION AND ORDER

Petitioner, a Virginia resident, filed this lawsuit against Respondents who are located in the District of Columbia. Because she fails to state a claim for which a writ of mandamus should issue, it is hereby

**ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]     The Court notes that Petitioner's listed address is in Alexandria, Virginia, Respondents are located in the District of Columbia, and there are no allegations of events occurring in the Southern District of Texas. As a result, if requested by any Respondent, the case would also be subject to dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer to another district pursuant to 28 U.S.C. § 1404(a).

The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **12th** day of **December, 2005.**

_____
Nancy F. Atlas
United States District Judge